## Weekly Abstract of PENDING CASES

No. 208

WEBSTER, Sheriff, et v. EDWARDS

No. 19586. Supreme Court

On motion to certify. Dock. Jan. 20, 1926; 4 Abs. 72.

1025. REPLEVIN—May a mortgagee under a chattel mortgage replevin the property covered by the mortgage from a sheriff who has made a levy on said property when the mortgage is not filed in the county of the mortgagor's residence as provided by 8561 GC.?

William T. Edwards brought this action originally for replevin of an automobile in the Montgomery Common Pleas against Howard E. Webster, Sheriff of Montgomery County, and the Cappel Furniture Co.

It appears that one Alex Zupnick purchased an automobile from Edwards for which he executed and delivered notes for the purchase price and secured the same by a chattel mortgage. It was stipulated in the mortgage that Zupnick was not to move from a certain address in Dayton without the written consent of Edwards. The mortgage was filed in Butler County and not in Montgomery County, the automobile being purchased in Butler County.

Subsequently the Cappel Furniture Co. of Dayton secured a judgment against Zupnick, by virtue of which a levy was made on the automobile at Zupnick's residence in Dayton, Zupnick being appointed custodian of the car with specific orders that it should not be removed. In violation of this trust the car was driven to Middletown. Zupnick was thereupon cited for contempt and in this proceeding the sheriff was ordered to effect the return of the car.

The sheriff of Butler County obtained the machine and delivered it to the sheriff of Montgomery County, whereupon another levy was made upon the car. The court ordered the car sold and the proceeds from the sale paid into court, which order was not modified. The Common Pleas held that Edwards was entitled to the possession of the car and pursuant to an appraisal of $900 Edwards elected to take the money in lieu of the automobile, whereupon judgment for this amount was rendered against the defendants. This judgment was affirmed by the Court of Appeals.

The Sheriff and Furniture Co., in the Supreme Court, contend:

1. That a levy on the car was made before it was removed to Middletown and therefore Edwards could not replevin it from the sheriff.

2. That it would be necessary for Edwards to repossess the car before a levy was made in order to maintain an action in replevin.

3. That the mortgage was void because it was not filed with the recorder in the county in which the mortgagor resided, as provided by 8561 GC.

Attorneys—Albert H. Scharrer, Pros. Atty., and Ralph E. Hoskot, Ass't. Pros. Atty., for Sheriff; Egan & Delscamp for Company; Mattern, Brumbaugh & Mattern for Edwards; all of Dayton.

so injured by said party, such right must be the result of contract in order to be maintained. East 55th St. Hospital Co. v Gen'l Acc. Assur. Corp. et, OA. 4 Abs. 83.

Where claimed that two agreements were made, one in writing and the other in parol, the latter would be merged in the former and no evidence of the parol agreement could be offered in evidence. Cameron v L. C. Merc. Co., OA. 4 Abs. 66.

### 301. CONTRIBUTORY NEGLIGENCE

1. When raised by the evidence, determined by rules applicable to burden of proof and otherwise as if made in the pleadings.

2. Court properly submitted this issue, although raised by the evidence. Crozier v Henry County Comm., OA. 4 Abs. 85.

### 309. COPYRIGHTS

1. Where there is no substantial or material appropriation of complainant's original labor or work, there is no infringing use made of the copyrighted book.

2. Existence of similarities and common errors, though generally furnishing prima facie evidence of copying, is not conclusive unless in such amount so as to constitute an appropriation of the original work. Anderson Co. v Baldwin Law Pub. Co., U. S. Dist., 4 Abs. 126.

### 313. CORPORATIONS

Is a railway compnay, all of whose lines are situated without the State, "doing business" in Ohio sufficient to subject it to the jurisdiction of state courts by merely maintaining an office through which the operation of the railroad is directed? Southern Ry. Co. v Nat. League of Comm. Mer. OS. Pend. 4 Abs. 93.

Where the articles of incorporation of an Ohio corporation have been in fact duly cancelled under 5509 GC., and no reinstatement under 5511 GC. hase vere been attempted or claimed, can it thereafter bring and maintain an action in any Ohio court in its alleged corporate capacity and name, and in violation of 5510 GC., which provides a penalty for such acts? Tell Stop App. Co. v Tell Stop Sig. Co., OS. Pend. 4 Abs. 74.

Is the ultra vires act of a corporation in borrowing money in a sum exceeding its capital stock in violation of 8705 GC., and in employing its means for a purpose other than to accomplish the legitimate objects of its creation void, or only voidable? Rogers, Rec. v Abbott & David, OS. Pend. 4 Abs. 96.

Where misrepresentations are made by promoters of a prospective corporation to obtain subscriptions to capital stock and by virtue of such misrepresentations promoters issue to themselves stock which they do not pay for but seek to make it appear are paid for, will a order the promoters to pay for such stock? Carniola Realty Co. v Kausek et, OS. Pend. 4 Abs. 117.

May a corporation encumber with mortgages, etc., its real property after the franchise of the corporation has been forfeited for non-payment of its franchise tax as provided in 5509 GC., or are its acts and the acts of those who attempt to act for it void? Eversman v Shipman Co. et, OS. Pend. 4 Abs. 116.

1. Where a corporation, organized and existing under Delaware laws which expressly exclude from the powers of the corporation the power to discount notes secured by mortgages, can it thereafter recover and foreclose upon those notes and motrgages by virtue of its ultra vires contract of discount?

2. Where an Ohio corporation having an authorized capital stock of $50,000 borrows over $900,000 and becomes unable to meet its obligations what are the rights of a creditor, not a party to the excessive borrowing, and asserting claims against the property covered by the $900,000 mortgage? Herberich Realty Co. v Rogers, OS. Pend. 4 Abs. 132.

Officer of foreign corporation doing business in Ohio without compliance with 178 GC., et seq., is not, for